Shaw C. J.
delivered the opinion of. the Court. The question is, whether the evidence is sufficient to support the action, and we are of opinion that it is not. The purport of the words, as proved, is, that the plaintiff was the treasurer of a masonic lodge, and as such received money of the lodge, which he had failed to account for, but converted the same to his own use. The use of the word “ robbed,” which the evidence leaves a little doubtful, would make no difference, if, as we think the conversation taken together proves, the term was applied to the plaintiff, as having appropriated and converted the money intrusted to him as treasurer, to his own use, *107 It would be like the common case put to illustrate the rule, that the words must, all taken together, charge an indictable offence, “ he is a thief, he has stolen apples from my trees.” The first clause in the sentence charges a felony ; but taken in connexion with what immediately follows, it shows that the defendant imputed only a trespass.[1]
2. As to the fact, that the misconduct charged upon the plaintiff was imputed to him as misconduct in an office, under the circumstances, we think it makes no difference. There are two modes in which words not actionable in themselves may become so, by charging misconduct in office.
1. Where an act done by one in office, would be punishable by indictment, which would not be so, if done by a person not in office. In such case, imputing such act to a person in office, and in reference to his office, would be actionable, when words imputing the same conduct to one not in such office would not be so.
2. Where the slander tends to disgrace and disparage one, in an office of profit or honor, and to deprive him of it.
Without deciding whether the office of treasurer of a lodge, being a private and voluntary association, is an office of profit or honor, within the meaning of the rule, because it is immaterial to the decision of this case, we think the rule cannot apply, because the holding of the office in question did not render the conversion of the money by the treasurer who had been intrusted with it, for himself and his associates, an indictable offence ; and it could have no tendency to deprive him of his office, because the lodge had long since been dissolved, and the office of course had ceased to exist.[2]

Plaintiff nonsuit.

 Jackson v. Adams, 2 Bingh. N. R. 402; S. C. 2 Scott, 599. See Carter v. Andrews, 16 Pick. 1; Tomlinson v. Brittlebank, 4 Barn. & Adol. 631; Gardiner v. Williams, 2 Crorapt. Mees. & Rose. 78; M‘ Clurg v. Ross, 5 Binn. 518. By Rev. Stat. c. 126, § 29, if an officer of any corporation shall embezzle or fraudulently convert to his own use any property which shall be under his care by virtue of such office, he shall be deemed to have committed the crime of simple larceny.

 See Com. Dig. Action on the Case for Defamation, G 3; Forward, v. Adams, 7 Wend. 204.